IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER SOLIS, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:14-CV-00970 |
| WARDEN D. ZICKEFOOSE | : | (Judge Brann) |
| Respondent | : | |

## **MEMORANDUM**

Roger Solis, currently an inmate currently confined in the Allenwood United States Penitentiary in White Deer, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Solis claims that his due process rights were violated during the course of a prison disciplinary hearing held on June 14, 2012, where he was found guilty of the prohibited act of Aiding and Abetting an Attempted Assault. Id. Solis requests that all sanctions levied against him as a result of this hearing be discharged. Id. The petition is ripe for disposition and, for the reasons set forth below, will be dismissed.

**I.   Background**

On June 8, 2012, Solis was served with Incident Report No. 2313130 charging him with "Conduct which disrupts or interferes with the security or orderly running of the institute, most like Rioting," a violation of "Code 199, most like 105." (Doc. 6, R. 31).

On June 11, 2012, the Unit Discipline Committee referred the charge to the Discipline Hearing Officer ("DHO").  (Id. at R. 30).  On June 11, 2012, notice of the hearing was delivered to Solis.  (Id. at R. 35).  Solis declined a staff representative, and declined to call any witnesses.  Id.

On June 14, 2012, Solis appeared for a hearing before the DHO.  (Id. at R. 37).  After reviewing the evidence, including a statement given by Solis, the DHO found that Solis had committed the prohibited act of aiding and abetting an attempted assault.  (Id. at R. 38).  The DHO issued his report on June 21, 2012, imposing, inter alia, disallowance of forty-one days of good conduct time.  (Id. at R. 39-40).  The DHO informed Solis that he had the right to appeal the decision within twenty days.  (Id. at R. 40).

On July 12, 2012, Solis filed an appeal of the DHO's decision with the Regional Office.  (Id. at R. 22).  The Regional Office rejected Solis' appeal as untimely, and notified him that if there was a valid reason for the delay, he could resubmit his appeal with a "staff memo on BOP letterhead" discussing the reasons for the untimely appeal.  Id.  On July 23, 2012, Solis resubmitted his appeal to the Regional Office.  Id.  The Regional Office again rejected Solis' appeal because he failed to provide staff verification explaining why his appeal was filed in an untimely manner.  Id.

On October 17, 2012, Solis filed an additional appeal with the Regional Office.  (Id. at R. 23).  This appeal was rejected for failure to conform to program guidelines concerning administrative appeals.  Id.  On January 10, 2013, Solis appealed that decision to the Central Office.  Id.  The Central Office rejected this appeal for the same reasons provided by the Regional Office.  Id.

On March 4, 2013, Solis again appealed to the Regional Office.  (Id. at R. 24).  This appeal was again rejected as untimely.  Id.  The Regional Office noted that Solis had twenty days from "each of the previous rejections to properly submit" an appeal and he had not done so.  Id.  On April 19, 2013, Solis again appealed to the Regional Office, and his appeal was again rejected as untimely.  (Id. at R. 25).  On April 26, 2013, Solis filed two additional appeals with the Regional Office, both of which were rejected.  (Id. at R. 26).

On May 28, 2013, Solis filed another appeal with the Regional Office.  (Id. at R. 27).  This appeal was rejected as untimely, and was further rejected because Solis had been transferred to a prison in the Northeast Region and therefore must submit any appeal to the Northeast Regional Office.  Id.  On July 22, 2013, Solis filed an appeal with the Northeast Regional Office.  Id.  This appeal was rejected as untimely.  Id.  There are no records of any further administrative appeals.

## II.   Discussion

Respondent argues that Solis' petition should be dismissed for failure to exhaust administrative remedies. (Doc. 6). Where a prisoner files a petition for writ of habeas corpus under 28 U.S.C. §2241, the United States Court of Appeals for the Third Circuit has "consistently applied an exhaustion requirement[.]" Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986); Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981)). If a petitioner fails to exhaust administrative remedies, the district court must dismiss the petition. Callwood, 230 F.3d at 634.

"[F]ailure to satisfy the procedural rules of the [Bureau of Prisons'] administrative process constitutes a procedural default." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760-61 (3d Cir. 1996) (citing Francis v. Rison, 894 F.2d 353, 355 at n.2 (9th Cir. 1990); Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986)). If a default renders the administrative process unavailable, review of a habeas claim is barred "absent a showing of cause and prejudice[.]" Id. at 761.

The rules governing appeals for federal inmates are contained in 28 C.F.R. §542.10, et seq. These rules require that a prisoner first submit a DHO appeal "to the Regional Director for the region where the inmate is currently located." 28 C.F.R. §542.14(d)(2). This appeal must be filed within twenty days of the issuance of the DHO Report. 28 C.F.R. §542.15(a). If the inmate is not satisfied

4

with the response from the Regional Director, he or she may submit an appeal to the Central Office/General Counsel within thirty days. Id. Appeal to the Central Office is the final step in the administrative appeal process. 28 C.F.R. §542.14(a).

Here, Solis filed his initial appeal to the Regional Office on July 12, 2012, twenty-one days after the DHO Report was issued. (Doc. 6, R. 22). The Regional Office rejected his appeal, but informed Solis that he could resubmit his appeal with an attached staff verification explaining good cause for his delay in filing the appeal. Id. Thereafter, on July 23, 2012, Solis resubmitted his appeal, but did not include a staff letter explaining the delay. Id. Thus, Solis' appeal was again rejected as untimely. Id.

On October 17, 2012, Solis filed an additional appeal with the Regional Office. (Id. at R. 23). This appeal was rejected for failure to conform to program guidelines concerning administrative appeals. Id. On January 10, 2013, Solis appealed this denial to the Central Office; this was the only appeal Solis filed with the Central Office. Id. The Central Office rejected this appeal and concurred with the Regional Office's rational for rejecting the appeal. Id.

Thereafter, Solis filed several more appeals with the Regional Office. (Id. at R. 24-27). None of the appeals contained a letter from prison staff explaining why the appeal was filed in an untimely manner, and therefore the Regional Office rejected every appeal as untimely. Id. Solis' failure to comply with the procedural

requirements of the administrative remedy process resulted in his claims being unexhausted. See, Yalles v. Scism, 435 F.App'x 97, 98 (3d Cir. 2011).

While Solis argues that his appeal to the Regional Office was timely because he did not receive the DHO Report until June 25, 2012, (doc. 7), the twenty day appeal period does not begin running from the date the prisoner receives the DHO Report. Rather, the twenty day period begins on the date the DHO Report is issued, in this case, June 21, 2012. See, 28 C.F.R. § 542.15(a). Thus, Solis' appeal was not filed in a timely manner.

Furthermore, Solis has not demonstrated cause for filing his administrative appeal in an untimely manner. While Solis did receive the Report four days after its issuance, this alone does not establish cause. Solis was provided with an opportunity to explain to the Regional office why his appeal was not filed in a timely manner, and he did not provide such explanation.

Cause is generally only established where the petitioner shows that "some external objective factor impeded" his or her effort to comply with the procedural bar. See, Murray v. Carrier, 477 U.S. 478, 488 (1986). As the United States Court of Appeals for the Second Circuit has noted, where "legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies," cause is established. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629 (2d Cir. 2001). Solis did not avail himself to the opportunity to explain his delay

in filing the appeal, and therefore his own actions precluded a timely appeal, not any external force.  Consequently, Solis has not provided good cause for his failure to file a timely administrative appeal, and his petition must be dismissed. Moscato, 98 F.3d at 762.

### III. Conclusion

A review of the record reveals that the Solis has not exhausted his administrative remedies. Consequently, Solis' petition for writ of habeas corpus will be dismissed.

An appropriate Order will be entered.


BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge


Dated: December 15, 2014